IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID W. FISHER,                              )
                                              )
      Plaintiff,                         )
                                              )
v.                                            )          Civil Action No. 3:20CV905–HEH
                                              )
OFFICER MURRY, *et al.*,                      )
                                              )
      Defendants.                        )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

    David W. Fisher, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The action is proceeding on Fisher's Particularized Complaint (ECF No. 9).  The matter is before the Court on the Motion to Dismiss filed by Defendants Murry, Outland, Simpson, Robinson, Barker, and Kepler.  For the reasons set forth below, the Motion to Dismiss (ECF No. 18) will be granted.

## I.    PRELIMINARY REVIEW

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952

(4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim,

a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the

light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th

Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual

allegations, however, and "a court considering a motion to dismiss can choose to begin

by identifying pleadings that, because they are no more than conclusions, are not entitled

to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement

of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints

containing only "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." *Id.* (internal citations omitted).  Instead, a plaintiff must allege facts

sufficient "to raise a right to relief above the speculative level," *id.* (internal citation

omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely

"conceivable," *id.*  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at

556).  In order for a claim or complaint to survive dismissal for failure to state a claim,

2

the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   THE COMPLAINT

### A. Summary of Allegations

In November of 2020, Fisher was incarcerated in the Prince William-Manassas Adult Detention Center. (ECF No. 1 at 4.)[2] On November 9, 2020, Fisher was summoned to go to the Medical Department. (ECF No. 9 at 1.) Upon leaving his housing unit, Officer Murry told Fisher that he needed to be searched. (*Id.*) Officer Murry then began to search Fisher. (*Id.*) After searching Fisher's upper body, Officer Murry

> ran his hands down the lower half of [Fisher's] buttock area, his thumb (right hand) went into the split area as he went down towards the rest of [Fisher's] private area(s) which he also touched. When this happened, [Fisher] moved & asked why he was touching [him] in these areas because this [was] not normal during a pat-down search. He then directed [Fisher] not to move & let him finish which made [Fisher] even more uncomfortable, because when he continued to search the other side (right side) he did the same thing. None

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Fisher's submission.

of this is procedure, or allowed searching method(s).  To search these areas
a strip search is required, which [Fisher] would have consented to.  He (the
Ofc.) groped [Fisher's] private area several times.  [Fisher] asked to speak to
a supervisor who told [Fisher] to ask for law enforcement which [Fisher] was
denied

.

(*Id.*)  Specifically, Fisher contends that Sgt. Outland, Sgt. Simpson, Sgt. Robinson, Lt.

Barker, and Lt. Kepler denied Fisher the ability to report Officer Murry's alleged sexual

assault to outside law enforcement.  (*Id.* at 2.)

### B.  Fisher's Claims

Based on the foregoing allegations, Fisher makes the following claims:[3]

Claim 1    Defendant Murry violated Fisher's rights under the Fourteenth
           Amendment when he sexually assaulted Fisher.

Claim 2    Defendants Outland, Simpson, Robinson, Barker, and Kepler violated
           Fisher's constitutional rights when they denied Fisher the ability to
           report Officer Murry's alleged sexual assault to outside law
           enforcement.

### III.   ANALYSIS

### A.    Claim 1

"[I]t is settled that pretrial detainees possess a constitutional right 'to be free from

punishment.'"  *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (quoting *Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979)). This right "derives from the Due Process Clause of

the Fourteenth Amendment, which protects such detainees from punishment 'prior to an

adjudication of guilt in accordance with due process of law.'"  *Id.* (quoting *Bell*, 441 U.S.

535 & n.16).  Generally, a pretrial detainee may raise a substantive due process challenge

---

[3] Fisher listed Officer Noyce as a defendant in the Particularized Complaint, but failed to
mention him in the body of the Particularized Complaint.

to his or her conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." *Tate v. Parks*, 791 F. App'x 387, 390 (4th Cir. 2019) (citing *Williamson*, 912 F.3d at 174–76). In order to allege such a claim, a detainee must allege facts that "show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." *Id.* (citing *Williamson*, 912 F.3d at 178).

When a detainee alleges he was "sexually assaulted" during the course of a search, he must allege facts that plausibly suggest that the jail official acted with the intention of humiliating the plaintiff or deriving sexual pleasure from the search. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (concluding that "if the defendant had no intention of humiliating the plaintiff or deriving sexual pleasure from fondling his private parts, but was merely overzealous in conducting the pat down and strip search, there was no deliberate violation of a constitutional right and so no basis for the suit."); *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) ("A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment."). A plaintiff may satisfy this obligation by pleading facts that indicate "the manner, timing, and stated reason for a search . . . indicated it was pretext for a desire for sexual gratification or for humiliation of the prisoner." *Banks v. Rozum*, 639 F. App'x 778, 782 (3d Cir. 2016) (citing *Crawford*, 796 F.3d at 258–59). A detainee must allege facts, "other than his own perceptions," that

5

indicate the pat down contact was some "sort of sexual proposition or harassment." *Ellis v. Elder*, No. 7:08CV00642, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009).

Fisher fails to allege facts that indicate the pat down of his person was conducted as a pretext for sexual gratification or for the purpose of humiliating him. The search was prompted by Fisher's trip to the medical department. At no point did Officer Murry make any comments that suggested his actions were prompted by a desire for sexual gratification. Nor does Fisher allege facts that indicate Officer Murry's search was more intrusive than necessary to assure himself that Fisher was not secreting contraband on his person. *Terry v. Ohio*, 392 U.S. 1, 17 n.13 (1968) (describing a routine pat down as involving "the groin and area about the testicles").[4] Fisher fails to state facts that indicate the search of his person violated his constitutional rights. *See Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (holding that the inmate had not alleged an Eighth Amendment violation where the correctional officer allegedly touched the inmate's testicles through his clothing during a single pat down frisk). Accordingly, Claim 1 will be DISMISSED for failure to state a claim.

## 2.   Claim 2

In Claim 2, Fisher contends that Defendants Outland, Simpson, Robinson, Barker, and Kepler violated Fisher's constitutional rights when they denied Fisher the ability to report Officer Murry's alleged sexual assault to outside law   enforcement. Fisher does not enjoy a constitutionally protected right to purse a criminal investigation. *Linda R. S.*

---

[4] The facts alleged by Fisher do not bring the search of his person outside the scope of reasonable search practices that would rise to the level of a Fourth Amendment violation. *Terry*, 392 U.S. at 17 n.13.

*v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, Claim 2 will be DISMISSED for failure to state a claim.

Defendants' Motion to Dismiss (ECF No. 18) will be granted. Fisher's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: June 1, 2022
Richmond, Virginia

7